SWOFFORD, Administrator *v.* GRAY.

A distributee of a decedent's estate, is a competent witness for the administrator in a suit against the latter to recover money claimed to be due from the estate.

Where an agent acts for his principal in transactions with others, the act of the agent is, in contemplation of law, the act of the principal; but when an agent makes a charge against his principal, he cannot insist that that entry is the act of the principal.

Transactions of principal and agent are ordinarily governed by the same rules of evidence that apply to transactions between other persons.

*Nov. Term, 1856.*

*SWOFFORD v. GRAY.*

*Monday, January 26, 1857.*

APPEAL from the *Wayne* Court of Common Pleas.

GOOKINS, J.—This action was brought by *Havens Gray* against *Swofford*, as administrator of the estate of *Alexander Gray*, deceased, upon a liability incurred by the deceased in his lifetime, to the plaintiff, chiefly for personal services. A trial by jury resulted in a verdict for the plaintiff for 1,142 dollars and 53 cents. New trial refused, and judgment.

On the trial the defendant offered one *Berry* as a witness, who was a grandson of the deceased, the only heir of a deceased child of the intestate, and, as such, entitled to a distributive share of the estate. He was excluded on the ground of interest.

The statute declares that no person shall be rendered incompetent by reason of any incapacity from crime or interest; but a party to the action, or one for whose use the action is brought, shall not be competent. 2 R. S. p. 80, s. 238. In the *Newcastle and Richmond Railroad Company* v. *Brumback*, 5 Ind. R. 543, we held that a stockholder in the corporation was not a person for whose use the action was brought, within the meaning of the statute, and that he was a competent witness. In *New York*, they have a similar statute—the difference being that it excludes one for whose immediate use the suit is brought. Under that statute, the Court of Appeals held that a residuary legatee named in a will, was a competent witness for the executor, in a suit to recover

moneys claimed to be due the estate. *Freeman* v. *Spal-*
*ding*, 2 Kernan, 373.   Although the word "immediate"
is used in the *New York* statute, there seems to be no
essential difference between that and our own.   The in-
terest of a distributee is more remote than that of a
stockholder in a corporation.   That of the latter is
direct, and the money if recovered, will be applied to
his immediate benefit; while moneys recovered by an
administrator may or may not go to the heir, depending
upon the situation of the estate.   The general rule con-
tained in the section, of not excluding for interest, made
the witness competent; and the qualification in regard
to beneficiaries, does not take one having a contingent
interest only, out of the rule.

The appellee relies upon s. 301, 2 R. S. p. 97.   Article
15, in which that section is found, supplies a substitute
for bills of discovery; and besides the examination of
parties, s. 301 provides for the examination, in like
manner, of one for whose immediate use the suit is pro-
secuted or defended.   The view we have taken, and the
authorities referred to, show that a distributee is not a
person for whose immediate use a suit like the present
is prosecuted or defended, and that that section does not
apply.

On the trial the Court instructed the jury as follows:
"If it is shown that the plaintiff was the regularly ap-
pointed agent of the decedent, and acted as such in
pursuance of the appointment, the accounts of the
agency, and record of the transactions done by the agent
in and about the business of the agency, are presumed
to be correct as against the decedent and those repre-
senting him, until their correctness is impeached."

A bill of particulars annexed to the complaint is as
follows:   "The estate of *Alexander Gray* deceased, in
account with *Havens Gray*, agent duly appointed by
said *Alexander Gray* during his lifetime.   The said
agent claims a credit for the following payments made
for said *Alexander Gray*, to-wit."   Then follow numer-
ous items, amounting to 379 dollars and 81 cents.   The

record states that a book, purporting to be the record of charges and other transactions done by *Havens Gray*, as agent of *Alexander Gray*, and in his hand writing, was in evidence. As the charges contained in the bill of particulars appear to have been made on account of the agency, we presume they were entered upon the book referred to. No other part of the claim as set forth refers as specifically to the agency as that contained in the bill of particulars; and as the presumption is that an instruction given is applicable to the case, we presume that these were the accounts of the agency, and record of the transactions, referred to in the instruction.

This instruction contains a novel application of the doctrine of agency. Where an agent acts for his principal in transactions with others, no doubt the act of the agent is to be regarded in law as the act of the principal. Such is the case with a merchant's clerk. But when an agent makes a charge against his principal, if he can insist that that entry is the act of the principal, he will have a short and easy method of establishing claims to any amount against him. If such a rule were to prevail, we think transactions between owners and factors, consignors, and commission merchants, clients and attorneys, and the numerous other agencies by which business is transacted, and in which entries are necessarily made, would soon be brought to an end. Transactions of principal and agent, are ordinarily governed by the same rules of evidence that apply to transactions between other persons. The instruction was wrong.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Julian*, for the appellant.

*O. P. Morton, C. H. Test, J. M. Wilson*, and *M. Wilson*, for the appellee.